1
2
3
4
5

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

6  UNITED STATES AVIATION            )
   UNDERWRITERS, INC. and UNITED     )
7  STATES AIRCRAFT INSURANCE         )
   GROUP,                            )
8                                    )
          Plaintiffs,                )          2:08-CV-00891-PMP-LRL
9                                    )
   v.                                )          ORDER
10                                   )
   WESAIR, LLC and JAMES TYGRETT,    )
11                                   )
          Defendants.                )
12 _____    )

13        Presently before the Court is Defendant James Tygrett's Motion for Summary

14 Judgment (Doc. #45), filed on December 16, 2009.  Plaintiffs United States Aviation

15 Underwriters, Inc. and United States Aircraft Insurance Group filed a Response (Doc. #49)

16 with a supporting affidavit (Doc. #50) on January 14, 2010.  Defendant James Tygrett filed

17 a Reply (Doc. #51) on January 22, 2010.

18 **I. BACKGROUND**

19        On June 4, 2007, Defendant James Tygrett ("Tygrett") filed a complaint in

20 Nevada state court alleging negligence on the part of his employer, Defendant WesAir, LLC

21 ("WesAir"), after an airplane tire Tygrett was inflating while at work exploded, resulting in

22 the traumatic amputation of his right arm.  (Compl. (Doc. #1), Ex. 1 at 1-3.)  WesAir's

23 insurance providers, Plaintiffs United States Aviation Underwriters, Inc. and United States

24 Aircraft Insurance Group, filed a Complaint in this Court seeking a declaratory judgment

25 that the insurance policy ("Policy") with WesAir did not cover Tygrett's injuries because

26 the Policy excluded claims covered by worker's compensation.  (Compl. at 4-6.)  On

1   December 31, 2008, Plaintiffs moved for summary judgment, arguing that the Policy did

2   not cover Tygrett's claims as a matter of law.  (Pls.' Mot. Summ. J. (Doc. #21).)  Both

3   Tygrett and WesAir, in their separate Responses, argued that Paragraph five of a Broad

4   Coverage Expansion Endorsement covered Tygrett's claims because the Broad Coverage

5   Expansion Endorsement was not subject to the Policy's Worker's Compensation Exclusion.

6   (Def.'s Resp. to Pls.' Mot. for Summ. J. (Doc. #22) at 6-9; Def. WesAir, LLC's Resp. to

7   Pls.' Mot. for Summ. J. (Doc. #23) at 13-14.)

8            On June 15, 2009, this Court denied Plaintiffs' Motion for Summary Judgment,

9   concluding that:

10              the Broad Coverage Expansion does not alter the application of the
                Worker's Compensation Exclusion.  The Broad Coverage Expansion
11              states it expands or adds coverage to the basic USAIG Policy, but
                "does not change any of [WesAir's] coverage except as stated above."
12              (MSJ, Ex. 1, Endorsement 11 at 1, 8.)  Although the Broad Coverage
                Expansion makes a change to the "assumed liability" subsection of
13              those "Liability claims [Plaintiffs] won't cover," it does not change,
                replace, or amend the subsection on "Worker's Compensation."  (Id.
14              at 4 ¶ 13.)   Because no such change exists for the Worker's
                Compensation Exclusion, that exclusion still applies.
15

16   (Order (Doc. #32) at 12 (alterations in original).)  However, genuine issues of fact remained

17   as to whether Tygrett was acting within the scope of his employment when he was injured.

18   (Id. at 12-13.)

19            In his current Motion for Summary Judgment, Tygrett argues the Court was

20   mistaken in its construction of the Broad Coverage Expansion.  Tygrett contends the

21   Court's conclusion is not supported by Nevada law because Nevada law requires any

22   attempt to restrict insurance coverage be done explicitly.  Plaintiffs respond that this Court

23   already rejected Tygrett's arguments in its Order.

24   **II. DISCUSSION**

25            This Court is not bound by the label a party gives its document.  Andersen v.

26   United States, 298 F.3d 804, 807 (9th Cir. 2002).  Although Tygrett titles his motion as one

1   for summary judgment, his motion more aptly is characterized as a motion for

2   reconsideration.  This Court has inherent jurisdiction to reconsider its interlocutory orders.[1]

3   United States v. Martin, 226 F.3d 1042, 1048-49 (9th Cir. 2000).  Under Federal Rule of

4   Civil Procedure 54(b), this Court may revise any order adjudicating fewer than all the

5   claims in an action at any time before the entry of a final judgment.  "Reconsideration is

6   appropriate if the district court (1) is presented with newly discovered evidence, (2)

7   committed clear error or the initial decision was manifestly unjust, or (3) if there is an

8   intervening change in controlling law."  Sch. Dist. No. 1J, Multnomah County, Or. v.

9   ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).  "A motion for reconsideration is not an

10  avenue to re-litigate the same issues and arguments upon which the court already has

11  ruled."  In re AgriBioTech, Inc., 319 B.R. 207, 209 (D. Nev. 2004).

12          In his present motion, Tygrett asserts no new facts or change in controlling law.

13  This Court construes Tygrett's arguments that the Order was not supported by Nevada law

14  as an argument that this Court committed clear error.  However, Tygrett's arguments in his

15  current Motion are the same as those he presented in his Opposition to Plaintiffs' Motion

16  for Summary Judgment.  The Court already has considered and rejected those arguments.

17  To the extent Tygrett presents any new arguments, Tygrett waived those arguments because

18  they were available but not raised in Tygrett's Response to Plaintiffs' Motion for Summary

19  Judgment.  The Court therefore will deny the Motion.

20  ///

21  ///

22  ///

23

24          [1]  A denial of summary judgment is generally considered interlocutory in character and
    is not a final judgment.  Brodheim v. Cry, 584 F.3d 1262, 1274 (9th Cir. 2009).  As such,
25  Federal Rules of Civil Procedure 59(e) and 60(b) do not apply to this case because they are
    invoked only when a party moves for reconsideration of "final, appealable orders."  United
26  States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000).

1

**III.  CONCLUSION**

2          IT IS THEREFORE ORDERED that Defendant James Tygrett's Motion for

3   Summary Judgment (Doc. #45) is hereby DENIED.

4

5   DATED: April 12, 2010

6                                    _____

7                                    PHILIP M. PRO
                                     United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26